IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner / Plaintiff,<br><br>v.<br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the Eastern District of Pennsylvania,<br>Respondent. | Civ. No:<br><br><br><br>Petition for Emergency Writ of Mandamus re *Miller v. County of Lancaster, et al.*, Civ. No. 5:24-cv-05338-JFL |

**EMERGENCY PETITION FOR WRIT OF MANDAMUS**

TO THE HONORABLE MICHAEL A. CHAGARES, CHIEF JUDGE, AND THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT:

Michael Miller, Petitioner and pro se Plaintiff in the underlying case *Miller v. County of Lancaster, et al.*, Civ. No. 5:24-cv-05338, respectfully submits this Emergency Petition for a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651. In accordance with Third Circuit Local Rule 27, which governs emergency applications, Petitioner seeks expedited relief by compelling The Honorable Joseph F. Leeson, Jr. to fulfill his ministerial duty by disposing of Defendants' pending Rule 12(b)(1) and Rule 12(b)(6) motions without further delay.

**Expedited Relief is Necessary to Prevent Irreparable Harm**

1

Expedited relief is necessary because Judge Leeson's inaction is obstructing Plaintiff's ability to litigate his claims, causing ongoing harm and enabling procedural evasion by Defendants. The unjustified delay has blocked access to discovery, denied Plaintiff the ability to prosecute his claims, and perpetuated the harm caused by Defendants' actions.

Judge Leeson's failure to rule for more than 60 days is not a matter of judicial discretion—it is an abdication of a ministerial duty. Under Rule 12(a)(4), Federal Rules of Civil Procedure, a judge must timely dispose of Rule 12 motions to prevent obstruction of litigation. His refusal to act violates established legal obligations and deprives Plaintiff of fundamental due process protections.

**The Failure to Rule Reflects a Broader Pattern of Judicial Evasion**

Judge Leeson's inaction is not an isolated incident but part of a systemic failure of judicial oversight in this matter. In related proceedings—including two cases and a pending appeal—approximately 130 filings have been made yet:

- Defendants have never answered Plaintiff's allegations.
- No court has ruled on the merits of Plaintiff's constitutional claims.
- No hearings or case management conferences have been held.
- The Middle District previously delayed a ruling on a related Rule 12(b) motion for over seven months before abstaining.

These persistent procedural delays have effectively nullified Plaintiff's right to petition the courts, enabling government defendants to evade accountability through judicial inaction.

Such inaction violates the Federal Rules of Civil Procedure, including:

- Rule 1, which mandates that courts ensure "the just, speedy, and inexpensive determination of every action."

- Rule 7(b)(1), which requires that motions be clearly stated and timely adjudicated.

- Rule 12(a)(4), which mandates prompt rulings on Rule 12 motions to prevent litigation obstruction.

The Third Circuit itself has recognized that procedural evasion undermines judicial integrity. In *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008), the Court emphasized:

"The judiciary must guard against the manipulation of its processes to serve illegitimate ends."

Here, Defendants have successfully manipulated the judicial process by leveraging delay to suppress constitutional claims, while Judge Leeson's inaction has facilitated this procedural evasion.

**Mandamus is the Only Available Remedy**

Mandamus relief is appropriate where:

1. Plaintiff has a clear and indisputable right to relief.
2. Judge Leeson has a ministerial duty to act.
3. He has failed to perform that duty.
4. Plaintiff has no other adequate remedy.

The Supreme Court has repeatedly held that mandamus relief is warranted when a judge fails to rule on matters properly before them (*Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004)).

The ongoing procedural obstruction has deprived Plaintiff of due process, denied access to discovery, and left Plaintiff with no legal recourse except mandamus relief.

**Request for Expedited Review and Mandamus Relief**

Accordingly, Plaintiff respectfully requests that this Court expedite review of this Petition and issue an order:

1. Compelling the District Court to rule on Defendants' pending motions within 10 days; or
2. Reassigning the case to a judge who will fully engage with the issues and apply the required legal standards.

Plaintiff further requests an award of costs and such additional relief as this Court deems just and proper.

# I. PARTIES

1. **Petitioner:**

    - **Michael Miller** is the pro se Plaintiff in the underlying case, *Miller v. County of Lancaster, et al.*, Civ. No. 5:24-cv-05338-JFL, currently pending in the United States District Court for the Eastern District of Pennsylvania.

    - Petitioner brings this action to compel the District Court to fulfill its ministerial duties in resolving Defendants' Rule 12(b)(1) and Rule 12(b)(6) motions and to ensure compliance with federal procedural standards.

2. **Respondent:**

    - **Joseph F. Leeson, Jr.** is the presiding judge in the underlying case.

    - As the responsible judicial officer, Judge Leeson has a ministerial duty to rule on the pending Rule 12(b) motions in a timely manner and in accordance with the applicable procedural and substantive legal standards.

3. **Defendants in the Underlying Action (Named for Context):**

    - **County of Lancaster** and five officials are named as Defendants in the underlying § 1983 action. Although they are not respondents in

this Petition, their procedural abuses—detailed herein—have contributed to the delay and resulting harm that necessitate mandamus relief.

**Explanation for Naming the Judge:**

- **Why the Judge Is the Respondent:**

  The Petition seeks to compel judicial action. Since the presiding judge is responsible for ruling on the pending motions, he is the appropriate respondent. Mandamus relief is sought solely to address judicial inaction, not to challenge discretionary decisions on the substance of any ruling.

- **Defendants Not Named:**

  While the procedural abuses by the Defendants are central to the broader context of this Petition, they are not responsible for ruling on motions under Rule 12; that duty rests exclusively with the court and its presiding judge.

---

## II. JURISDICTION AND VENUE ALLEGATIONS

1. **Jurisdiction:**

    - This Court has jurisdiction over this Petition pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which authorizes federal courts to issue any writ necessary to aid their jurisdiction.

    - Mandamus relief is appropriate because:

1. Plaintiff has a clear and indisputable right to relief.
2. The District Court owes a ministerial duty to rule on the pending motions in compliance with applicable procedural standards.
3. Plaintiff has no other adequate remedy at law.

- Additionally, this Court has jurisdiction under 28 U.S.C. § 1291, as the Petition seeks to protect Plaintiff's constitutional rights and ensure access to justice by compelling timely and proper judicial action.

2. **Venue:**

- Venue is proper in this Court because the issues raised in this Petition concern proceedings pending in the Eastern District of Pennsylvania, which falls under this Court's jurisdiction.
- The District Court's failure to act occurs within the scope of this Court's supervisory authority under 28 U.S.C. § 1651(a), making the relief sought essential to preserve the integrity and effectiveness of the federal judiciary.

---

## III. FACTUAL AND PROCEDURAL BACKGROUND

**A. Declaratory Judgment Action (January 2024 – September 2024)**

1. On January 4, 2024, Plaintiff filed a declaratory judgment action in the Middle District of Pennsylvania challenging the County of Lancaster's First Amendment policies.

2. On February 1, 2024, the County filed Rule 12(b)(1) and 12(b)(6) motions to dismiss. The District Court delayed ruling for **over eight months**, ultimately abstaining on September 30, 2024, without addressing Plaintiff's substantive claims.

3. Plaintiff appealed the abstention decision, but despite more than 30 filings, the appellate court has failed to issue any ruling in **more than 90 days**.

### B. § 1983 Complaint (October 2024)

1. On October 5, 2024, Plaintiff filed a § 1983 complaint in the Eastern District of Pennsylvania asserting 12 counts involving First and Fourteenth Amendment violations, including retaliation, prior restraint, and procedural due process breaches by County officials.

### C. Pending Rule 12(b) Motions (November 2024 – Present)

1. Defendants' response was due on November 6, 2024, but Judge Leeson granted a two-week extension.

2. On November 20, 2024, Defendants filed Rule 12(b)(1) and 12(b)(6) motions in lieu of an answer.

8

3. Plaintiff has filed multiple notices (Docs. 16, 30, 31) urging timely resolution, citing delays that obstruct discovery and prolong unconstitutional harm.

4. As of January 31, 2025, Judge Leeson has yet to rule on these motions, in violation of the timely resolution mandates of Rule 12(a)(4) and Rule 1.

**D. Deficiencies in Defendants' Motions**

1. The motions, submitted as a single brief (Doc. 18), lack the specificity required by Rule 7(b)(1).

2. They fail to address the elements of Plaintiff's claims or meet the plausibility standard under Rule 12(b)(6), and they neglect to identify jurisdictional deficiencies under Rule 12(b)(1).

3. Improper arguments are introduced, including unwarranted judicial notice and inappropriate affirmative defenses at the pleading stage.

**E. Cumulative Evidence of Evasion**

1. Across both cases and the pending appeal, nearly 130 filings have been made, yet:
   - Defendants have not answered Plaintiff's allegations;
   - No court has addressed the merits of Plaintiff's constitutional claims;
   - No hearings or briefing schedules have been established; and

- The Middle District judge required **seven months** to dispose of County's Rule 12(b) motion in Case No. 1-24-CV-00014, a declaratory judgment action raising constitutional controversies.

---

## IV. LEGAL BASIS FOR MANDAMUS RELIEF

### A. Clear Right to Relief

Plaintiff is entitled to timely adjudication of his claims in accordance with the Federal Rules of Civil Procedure and controlling precedent. The court's failure to rule on pending motions for over 60 days violates multiple clear legal standards:

1. **Rule 12(b)(1) – Right to a Jurisdictional Ruling Under *Zwickler***

    - Plaintiff has a clear right to a ruling under *Zwickler v. Koota*, 389 U.S. 241 (1967), which bars abstention where constitutional rights are at stake.
    - Judge Leeson has a ministerial duty to apply *Zwickler* and cannot evade adjudication through unexplained delay.

2. **Rule 12(b)(6) – Right to an Adjudication of a Well-Pleaded Complaint**

    - Plaintiff, as master of his complaint, has a clear right to have his claims adjudicated under Rule 12(b)(6), consistent with *Twombly* and *Haines*.

- o   Judge Leeson has a ministerial duty to rule on the motion in a timely manner.
- o   Judicial evasion of this duty denies Plaintiff's fundamental right to petition the courts.

3. **Rule 11(b) – Right to Protection from Retaliatory and Bad-Faith Filings**

- o   Plaintiff has a clear right to judicial enforcement of Rule 11(b), which requires courts to deter bad-faith filings.
- o   Judge Leeson has a ministerial duty to address and prevent the misuse of sanctions motions as a retaliatory tool against a pro se litigant.

4. **Rule 1 – Right to a Just, Speedy, and Inexpensive Resolution**

- o   The Federal Rules of Civil Procedure mandate that cases be adjudicated "justly, speedily, and inexpensively."
- o   Judge Leeson's unexplained delay directly contradicts this standard.

5. **Pro Se Protections (*Haines v. Kerner, Erickson v. Pardus*)**

- o   Courts must liberally construe pro se pleadings, especially in constitutional claims.
- o   Judicial delay and procedural evasion undermine these protections by imposing insurmountable procedural barriers.

---

**B. Judge Leeson's Ministerial Duty to Rule on Pending Motions**

A district court judge has no discretion to refuse to rule on motions properly before them. The Federal Rules of Civil Procedure impose specific obligations that Judge Leeson has failed to meet:

1. **Duty to Apply the Facial Challenge Standard (Rule 12(b)(1))**
   - The judge must accept all factual allegations as true, draw all reasonable inferences in Plaintiff's favor, and determine subject matter jurisdiction without reliance on extrinsic evidence (*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

2. **Duty to Apply the Three-Prong Plausibility Standard (Rule 12(b)(6))**
   - The judge must:
     - Distinguish legal conclusions from well-pleaded facts (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
     - Accept all well-pleaded allegations as true (*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).
     - Determine whether the complaint plausibly states a claim for relief (*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016)).

3. **Duty to Prevent Procedural Abuse (Rule 11(b))**
   - The court must not allow Defendants to use procedural rules as a weapon to silence constitutional claims through delay and retaliation.

12

4. **Duty to Resolve Motions Promptly (Rule 12(a)(4) and Rule 1)**

    - Judge Leeson's failure to rule has functioned as a de facto dismissal by obstruction.
    - A motion to dismiss is not a valid basis for delaying adjudication indefinitely.

---

**C. Mandamus Is the Only Available Remedy**

Mandamus relief is appropriate where:

1. Plaintiff has a clear and indisputable right to relief.
2. Judge Leeson has a ministerial duty to act.
3. He has failed to perform that duty.
4. Plaintiff has no other adequate remedy.

The Supreme Court has repeatedly held that mandamus relief is warranted when a judge fails to rule on matters properly before them (*Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004)). The Third Circuit has likewise recognized that courts must prevent procedural evasion from obstructing judicial processes (*In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008)). Judge Leeson's failure not only warrants mandamus relief—it demands it.

---

## D. Conclusion: The Court Must Issue the Writ

Mandamus relief is not only justified—it is necessary to prevent further procedural evasion and restore judicial integrity. Judge Leeson's failure to rule is not judicial discretion—it is a ministerial failure requiring immediate correction. The relief requested in Section V is the only available remedy. Accordingly, Plaintiff urges this Court to issue the writ of mandamus compelling Judge Leeson to rule within 10 days or, in the alternative, reassign the case to a judge who will perform the ministerial duties required by law.

---

## V. DEMAND FOR RELIEF

### 1. Primary Relief

Plaintiff respectfully requests that this Court issue a writ of mandamus compelling Judge Leeson to:

- Rule on Defendants' pending Rule 12(b)(1) and Rule 12(b)(6) motions within 10 days of this Court's order; and
- Apply all required procedural and substantive standards, including:
    - The facial challenge standard for Rule 12(b)(1) motions (*Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014));

- o  The plausibility standard for Rule 12(b)(6) motions (*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)); and
- o  The liberal pleading standard for pro se complaints, as required by *Haines v. Kerner*, 404 U.S. 519 (1972).

## 2. Alternative Relief – Case Reassignment if Necessary

If Judge Leeson is unable or unwilling to perform these ministerial duties, Plaintiff requests that this Court:

- Reassign the case to a judge who will fully and impartially adjudicate the pending motions;
- Ensure that the new judge renders a ruling supported by specific findings of fact and conclusions of law, to prevent further evasion.

## 3. Findings of Fact & Conclusions of Law to Ensure Judicial Engagement

Plaintiff further requests that this Court direct the District Court to issue specific findings of fact and conclusions of law, including:

- The sufficiency of Defendants' Rule 12(b)(1) and Rule 12(b)(6) motions;
- The procedural deficiencies, frivolity, and bad faith alleged by Plaintiff in response to Defendants' filings;

- The application of the liberal construction standard for pro se pleadings under *Haines v. Kerner* and *Erickson v. Pardus*, 551 U.S. 89 (2007).

Additionally, this Court should prohibit summary dismissals or rulings unsupported by detailed reasoning, ensuring that Plaintiff receives a fair and substantive adjudication of his claims.

---

**4. Systemic Concerns (Limited to Judicial Administration Issues)**

Plaintiff requests that this Court:

- Notify the Chief Judge of the Third Circuit regarding this Petition and determine whether the delays in the declaratory judgment action and § 1983 complaint warrant an administrative review of judicial efficiency;
- Evaluate whether similar delays in other cases suggest a broader pattern of judicial dysfunction that requires institutional oversight.

---

**5. Supervisory Oversight to Ensure Procedural Compliance**

To prevent future procedural evasion, Plaintiff requests that this Court direct the District Court to:

- Strictly adhere to the requirements of Rule 1, Rule 7(b)(1), and Rule 12(a)(4) in all future proceedings; and

16

- Establish clear deadlines and guidance to ensure that adjudications proceed without unjustified delay.

### 6. Costs & Additional Relief

Plaintiff respectfully requests:

- An award of costs and fees incurred in pursuing this Petition, as the necessity of this action was caused by Judge Leeson's failure to perform a clear ministerial duty, resulting in unnecessary litigation expenses; and
- Any further relief this Court deems just and necessary to ensure that the District Court adheres to its procedural and constitutional obligations moving forward, including, if warranted, supervisory directives to prevent similar delays in the future.

## VII. CONCLUSION

Judge Leeson's failure to rule constitutes a clear violation of his ministerial duty under Rules 12(b)(1) and 12(b)(6). These rules require the court to:

- Evaluate Defendants' motions in a timely manner;
- Apply the correct procedural and substantive legal standards; and

- Liberally construe pro se pleadings in accordance with *Haines v. Kerner*, 404 U.S. 519 (1972).

His prolonged inaction has obstructed Plaintiff's constitutional claims, enabled Defendants' procedural evasion, and violated fundamental principles of due process and access to justice.

**Mandamus is the Only Available Remedy**

Mandamus relief is not discretionary—it is necessary to enforce compliance with these clear, non-discretionary judicial duties. Without intervention, this delay will:

- Continue to obstruct Plaintiff's ability to litigate his case;
- Prevent discovery and case progression;
- Create a precedent where government defendants can evade constitutional scrutiny through judicial inaction.

Moreover, mandamus relief is essential to preserve the integrity and credibility of the judiciary. Courts exist to resolve disputes fairly, impartially, and timely—not to allow procedural evasion and judicial neglect to undermine public trust in the legal system.

**Plaintiff Urges This Court to Grant the Writ Without Delay**

For these reasons, Plaintiff respectfully urges this Court to:

1. Issue a writ of mandamus compelling Judge Leeson to rule within 10 days; or

2. Reassign the case to a judge who will perform the required ministerial duties.

Additionally, Plaintiff requests all further relief this Court deems necessary to protect due process, judicial integrity, and access to justice.

## VERIFICATION

I, Michael Miller, declare under penalty of perjury under the laws of the United States of America that the facts stated in the foregoing Petition for a Writ of Mandamus are true and correct to the best of my knowledge and belief. Executed on **February 1, 2025**.

*/s/ Michael Miller*

Michael Miller

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date:  February 1, 2025

# CERTIFICATE OF SERVICE

I, Michael Miller, certify that on this date, I electronically filed the Petition for a Writ of Mandamus with the Clerk of the Court for the United States Court of Appeals for the Third Circuit via the CM/ECF system, which will send notification of such filing to all registered ECF users, including:

1. *The Honorable Joseph F. Leeson, Jr.*
   United States District Judge
   United States District Court for the Eastern District of Pennsylvania

2. *Sarah Hyer-Staub*
   Attorney for All Defendants
   McNees Wallace & Nurick LLC

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date: February 1, 2025
