IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MICHAEL MILLER<br>Petitioner / Plaintiff,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the<br>Eastern District of Pennsylvania,<br>Respondent. | Civ. No: |
| --- | --- |

**EMERGENCY MOTION TO EXPEDITE CONSIDERATION**

**OF PETITION FOR WRIT OF MANDAMUS**

## I. INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27, Third Circuit Local

Rule 27.7, and the All Writs Act, 28 U.S.C. § 1651, Petitioner Michael Miller

respectfully moves this Court for expedited consideration of his Emergency

Petition for a Writ of Mandamus in connection with the underlying case, *Miller v.

County of Lancaster, et al.*, Civ. No. 5:24-cv-05338 (E.D. Pa.).

Expedited relief is necessary because the District Court's failure to rule for

over 60 days is causing ongoing harm, obstructing Plaintiff's ability to litigate, and

enabling procedural evasion by Defendants. This prolonged inaction effectively

blocks access to discovery, halts case progress, and perpetuates constitutional

deprivations, making immediate intervention essential.

Despite multiple notices, Judge Leeson has failed to take any action, leaving Plaintiff with no recourse other than mandamus relief.

---

## II. GROUNDS FOR EXPEDITED RELIEF

### 1. Prevention of Irreparable Harm

- Judge Leeson's refusal to rule has paralyzed Plaintiff's case, creating an ongoing obstruction to the litigation process.

- Irreparable harm is present because:

    o The delay prevents Plaintiff from conducting discovery and advancing his claims.

    o The ongoing constitutional violations remain unaddressed, exacerbating harm.

    o Under *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008), this Court has recognized that the judiciary must prevent procedural manipulation. Here, the failure to rule enables Defendants' procedural evasion and obstructs access to justice.

### 2. Mandamus Is the Only Available Remedy

- There is no alternative means to compel Judge Leeson to act.

- Mandamus is appropriate where a judge has a clear duty to act but fails to do so, as established in *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

**3. Expedited Review Furthers Judicial Efficiency**

- This Court has the power to grant expedited relief when judicial inaction obstructs a litigant's rights (*Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004)).

- A prompt ruling will prevent unnecessary procedural delays and allow the case to move forward without continued obstruction.

---

## III. DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Expedite consideration of the Emergency Petition for a Writ of Mandamus;

2. Issue an expedited order compelling the District Court to rule on Defendants' Rule 12(b)(1) and Rule 12(b)(6) motions within 10 days;

3. Alternatively, reassign the case to another judge who will engage with the issues and render a timely ruling;

4. Award Plaintiff costs and fees incurred in bringing this motion; and

5. Grant such other relief as the Court deems just and proper.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: February 3, 2025

# CERTIFICATE OF SERVICE

I, Michael Miller, certify that on this date, I electronically filed the Petition for a

Writ of Mandamus with the Clerk of the Court for the United States Court of

Appeals for the Third Circuit via the CM/ECF system, which will send notification

of such filing to all registered ECF users, including:

1. *The Honorable Joseph F. Leeson, Jr.*
   United States District Judge
   United States District Court for the Eastern District of Pennsylvania


2. *Sarah Hyer-Staub*
   Attorney for All Defendants
   McNees Wallace & Nurick LLC

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: February 3, 2025
