# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner / Plaintiff ,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the<br>Eastern District of Pennsylvania,<br>Respondent. | Civ. No:<br><br><br><br><br>Petition for Emergency Writ of Mandamus re *Miller v. County of Lancaster, et al.*, Civ. No. 5:24-cv-05338-JFL (E.D. Pa.) |

## REQUEST FOR IMMEDIATE DOCKETING OF EMERGENCY PETITION FOR WRIT OF MANDAMUS AND NOTICE OF PROCEDURAL OBSTRUCTION BY THE CLERK'S OFFICE

**TO**:

**Patricia S. Dodszuweit, Clerk of Court**
United States Court of Appeals for the Third Circuit
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**E-filed** via the CM/ECF system


**CC:**
**Margaret A. Wiegand, Circuit Executive**
Office of the Circuit Executive
United States Court of Appeals for the Third Circuit
22409 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Sent via certified mail

1

I write to formally demand the immediate docketing of my Emergency Petition for Writ of Mandamus, which I e-filed on February 3, 2025, and for which I received confirmation of payment of the filing fee. However, as of February 7, 2025, my petition remains undocketed, preventing judicial review of my emergency filing.

This delay directly violates Federal Rule of Appellate Procedure (FRAP) 21(a)(3), which explicitly states:

**"Upon receiving the prescribed docket fee, the clerk must docket the petition and submit it to the court."**

The Clerk's duty to docket is ministerial, non-discretionary, and mandatory. There is no rule in FRAP, the Third Circuit's Local Rules, or any governing authority that permits a pre-docketing review by staff attorneys as a basis for withholding a properly submitted petition.

---

**Unwritten Pre-Docketing Review Policy Conflicts with FRAP 21(a)(3)**

The Third Circuit Clerk's Office website states:

"All original proceedings are reviewed for compliance prior to docketing. Most original proceedings are opened within 2 to 3 business days after receipt. If you

need relief or verification of your submission within a shorter time frame, you must contact the Clerk's Office directly."

This internal policy conflicts with FRAP 21(a)(3) because:

1. **FRAP 21(a)(3) mandates immediate docketing upon receipt of the prescribed fee.**

   - There is no exception for pre-docketing "compliance review" before submission to the court.

   - The Clerk's Office has no discretion to withhold a petition for pre-screening.

2. **There is no published rule authorizing pre-docketing review by staff attorneys.**

   - Neither FRAP 21, Third Circuit Local Rules, nor 28 U.S.C. § 1651 permit this practice.

   - The Clerk's role is purely ministerial—judicial review belongs to the Court, not administrative staff.

3. **The stated 2–3 business day timeframe has already expired in my case.**

   - My petition was filed on February 3, 2025, and remains undocketed as of February 7, 2025—exceeding the Clerk's own stated timeframe.

- If the Clerk is applying this pre-docketing review policy inconsistently, it raises serious procedural fairness and due process concerns.

---

**Improper Pre-Docketing Review by Staff Attorneys**

On February 6, 2025, I spoke via telephone with Alicia, Case Manager in the Clerk's Office. During our conversation:

- Alicia confirmed that the Clerk's Office received my petition and filing fee on February 3rd.

- However, she stated that the Clerk's Office had given my petition to "staff attorneys" for review and was refusing to docket the case until that review was complete.

- I objected and asked what written rule or procedural authority permitted this pre-docketing review by staff attorneys. Alicia could cite none.

- When I requested to speak with a supervisor, Alicia refused to transfer me.

- She insisted that this pre-docketing review was a discretionary function of the Clerk's Office.

- When I protested that the indefinite and arbitrary refusal to docket my filing constituted a denial of due process, Alicia abruptly ended the call.

This unlawful withholding of my petition obstructs judicial review and constitutes an improper administrative interference in a judicial function.

---

**Violations of Procedural Rules and Judicial Access**

The Clerk's Office has no authority to withhold docketing based on preliminary review by staff attorneys. The role of the Clerk's Office is purely administrative, and they are required to docket filings upon receipt.

**1. Violation of FRAP 21(a)(3): Clerk's Duty to Docket**

- FRAP 21(a)(3) explicitly states:

*"Upon receiving the prescribed docket fee, the clerk must docket the petition and submit it to the court."*

- The Clerk's duty is purely ministerial and not subject to discretion. The failure to docket my petition violates this rule and constitutes procedural obstruction.

**2. Violation of Third Circuit Local Rule 27.3(b): Emergency Matters**

- Local Rule 27.3(b) states:

*"If an emergency matter requires immediate attention, the Clerk shall promptly notify the duty judge."*

- Because my petition seeks emergency relief, the Clerk's Office is required to notify a judge immediately. The continued withholding of my petition directly violates this rule and prevents timely judicial action.

---

**Immediate Action Required**

To avoid potential liability, I request that the Clerk's Office immediately:

1. Docket my Emergency Petition for Writ of Mandamus without further delay.

2. Provide a written explanation of any legal authority that permits pre-docketing review.

3. Cease and desist any further administrative obfuscation.

If my petition is not docketed immediately, I will take further action, including:

- Filing a Motion to Compel Docketing.

- Submitting a formal judicial complaint under 28 U.S.C. §§ 351-364 for administrative obstruction and improper interference with judicial proceedings.

6

- Escalating this matter to the Judicial Council and the Administrative Office of U.S. Courts.

This is an emergency petition—any further delay constitutes a denial of due process and obstruction of judicial access. I expect an immediate response confirming that my petition has been docketed.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date: February 7, 2025