IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner / Plaintiff,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the<br>Eastern District of Pennsylvania,<br>Respondent. | RE: In re: Michael Miller<br>Case Number: 25-1208<br><br>District Court Case Number: 5:24-cv-05338 |

**SUPPLEMENTAL NOTICE OF ONGOING JUDICIAL INACTION,
CLERK OBSTRUCTION, AND SEPARATION-OF-POWERS VIOLATION
IN SUPPORT OF EMERGENCY PETITION FOR WRIT OF MANDAMUS**

TO THE HONORABLE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT:

"The duty to hear and decide a case is fundamental." (*Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 1803). "Federal courts lack the right to decline jurisdiction merely because another forum exists." (*Zwickler v. Koota*, 389 U.S. 241, 248 (1967)).

---

**I. SUMMARY OF JUDICIAL INACTION AND CLERK OBSTRUCTION**

Since the filing of Petitioner's Emergency Petition for Writ of Mandamus on February 3, 2025, the Clerk's Office has engaged in procedural obstruction that prevents this case from being adjudicated:

- No judge has been assigned to review or rule on Petitioner's Emergency Motion to Expedite (Doc. 2).

- The district court has issued no ruling or docket entry addressing the pending motions.

- The Clerk's Office deliberately delayed docketing the Petition by four days (February 7, 2025, instead of February 3, 2025), misrepresenting the actual submission date in violation of FRAP 25(a)(2)(B)(iv) and FRAP 21(a)(3).

- Despite the Emergency Motion to Correct Docketing Date (Doc. 5) filed on February 9, 2025, neither the clerk nor any officer of the court has taken any corrective action, violating FRAP procedural deadlines.

- No explanation has been provided for the continued inaction.

This is not an isolated delay but part of a systemic pattern of procedural evasion in pro se Petitioner's cases raising constitutional claims.

## II. FAILURE TO PERFORM MINISTERIAL DUTIES VIOLATES FEDERAL RULES AND JUDICIAL CANONS

The district court's failure to adjudicate the pending Rule 12 motions is not a discretionary matter—it is a clear ministerial failure:

- Federal Rule of Civil Procedure 12(a)(4): Requires that judicial determinations on Rule 12 motions be made promptly to ensure litigation progresses. The district court's 90-day refusal to rule violates this requirement.

- Federal Rule of Civil Procedure 1: Mandates that the Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." The continued delay obstructs justice and defies this principle.

- Canon 2 of the Code of Conduct for United States Judges: Requires judges to "perform the duties of the office fairly, impartially, and diligently." A 90-day delay with no explanation violates this obligation.

- Canon 3(A)(5): States that "a judge should dispose promptly of the business of the court." The failure to assign a judge or process Petitioner's emergency motions violates this fundamental duty.

# III. VIOLATION OF DUE PROCESS AND FIRST AMENDMENT RIGHTS UNDER *ZWICKLER* AND *ELROD*

The district court's inaction constitutes a de facto refusal to exercise jurisdiction, violating Supreme Court precedent:

1. The Court's Refusal to Rule Constitutes Impermissible Abstention (*Zwickler v. Koota*, 389 U.S. 241 (1967))

- In *Zwickler*, the Supreme Court held that federal courts must not evade jurisdiction over First Amendment challenges.

- Here, the district court's inaction amounts to a de facto abstention, depriving Petitioner of his federal forum to challenge an unconstitutional statute.

2. Delay Constitutes Irreparable Harm to First Amendment Rights (*Elrod v. Burns*, 427 U.S. 347 (1976))

- The Supreme Court has categorically held that the loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury.

- Each day of judicial inaction exacerbates the First Amendment harm and chills protected speech.

---

## IV: STRUCTURAL BIAS, SEPARATION-OF-POWERS VIOLATIONS, AND CAPERTON v. MASSEY

The refusal to rule is not a neutral judicial act—it functions as a procedural shield for government Defendants, violating Petitioner's right to a fair and impartial tribunal under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

This is not an isolated failure—it reflects a broader systemic pattern of structural bias within the Third Circuit, where constitutional claims against government actors are administratively obstructed to avoid adjudication:

- In *Miller v. County of Lancaster*, 1:24-CV-00014 (M.D. Pa.), the district judge refused to rule on Defendants' Rule 12(b)(1) motion for over eight months before abstaining without reaching the merits (Doc. 64).

- Petitioner's appeal of that abstention, Case No. 24-2934, has been unassigned to a judge for five months, with the Clerk's Office interfering administratively to prevent due process.

- Petitioner's Mandamus action, Case No. 25-1208, has not been assigned a judge, and the Clerk altered the filing date to delay processing.

This pattern of inaction creates a due process violation under *Caperton*, as government Defendants benefit from administrative obstruction and judicial evasion.

**Bias Need Not Be Expressed—The Appearance of Impropriety Is Sufficient**

The Supreme Court has held that judicial bias need not be explicit—it violates due process when a reasonable observer would question the tribunal's neutrality:

- "Justice must satisfy the appearance of justice." (*Offutt v. United States*, 348 U.S. 11, 14 (1954)).

- "Systemic bias deprives a litigant of a neutral tribunal." (*Tumey v. Ohio*, 273 U.S. 510 (1927)).

- *Caperton* held that when "objective circumstances" create a risk of bias, due process is violated—even without direct evidence of intentional prejudice.

Here, the totality of procedural irregularities—including delays, administrative interference, and docket manipulation—demonstrates systemic bias that deprives Petitioner of a fair and impartial tribunal.

---

## V. REQUEST FOR IMMEDIATE RELIEF AND INVESTIGATION INTO CLERK MISCONDUCT

Given the continued refusal of the district court to act, Petitioner urgently requests that this Court:

1. Assign a judge within 48 hours to adjudicate this case and rule on Petitioner's Emergency Motion to Expedite (Doc. 2).

2. Issue an Order within 5 days compelling the district court to rule on the pending Rule 12 motions within 3 days.

3. Immediately reassign the case to another judge under 28 U.S.C. § 455(a) if the district court does not rule.

4. Direct an administrative review of Clerk misconduct under 28 U.S.C. § 351 to determine whether deliberate procedural evasion is being used to block judicial review.

5. Award costs to Petitioner for this multiplied litigation.

---

## VI. CONCLUSION

The refusal of a federal judge to adjudicate constitutional claims violates the very principles upon which the judiciary stands. *Zwickler* forbids abstention from jurisdiction, *Elrod* forbids delay that chills First Amendment rights, and *Caperton* forbids bias that advantages government litigants. Every legal principle at issue here demands immediate action from this Court.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date: February 19, 2025

**CERTIFICATE OF SERVICE**

I, Michael Miller, hereby certify that on this February 19, 2025, I served copies of the foregoing document to all parties or their counsel electronically through the Court's CM/ECF system.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date: February 19, 2025