Michael Miller, Pro Se
108 North Reading Road, Ste F, 246
Ephrata, Pennsylvania 17522
Email: reaganfive@protonmail.com
Phone: (717) 388-0163



February 11, 2025

VIA CERTIFIED MAIL

Michael A. Chagares, Chief Judge
U.S. Court of Appeals for the Third Circuit
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106



**Re: Urgent Demand for Response to Judicial Misconduct Complaints and Correction of Clerk's Falsified Docketing of My Mandamus Petition in Case No. 25-1208**

Dear Chief Judge Chagares,

This letter serves as formal notice that your continued failure to address the pending judicial misconduct complaints I filed on December 4, 2024 under 28 U.S.C. §§ 351-364 constitutes a serious violation of judicial accountability, due process, and procedural fairness. Additionally, your inaction has enabled the Clerk's ongoing procedural obstruction, including the falsified docketing of my Mandamus Petition in Case No. 25-1208.

Despite multiple filings, you have failed to act, acknowledge, or provide any meaningful response to these serious allegations. Your continued neglect of duty raises serious concerns about judicial evasion, procedural misconduct, and deprivation of rights under color of law.

**1. The Clerk's Procedural Obstruction & Falsified Docketing in Case No. 25-1208**

On February 3, 2025, I e-filed and paid the required filing fee for my Emergency Petition for Writ of Mandamus in full compliance with FRAP 21. Despite this:

- The Clerk's Office refused to docket my petition until February 7, 2025—only after I filed a formal objection.

- When the petition was finally docketed, the Clerk falsified the filing date as February 7 instead of February 3, in direct violation of FRAP 25(a)(2)(A):

"Filing is not timely unless the clerk receives the papers within the time fixed for filing."

- The Clerk's Office had no authority to withhold docketing for a pre-docketing staff attorney review, as such review is not supported by any rule and constitutes unlawful interference with judicial access.

- The falsification of the official record erases evidence of procedural misconduct and undermines public trust in the judiciary.

As Chief Judge, you have a duty to ensure the integrity of judicial administration and prevent procedural gatekeeping that obstructs due process. Your failure to act, correct, or even acknowledge these violations enables and reinforces the culture of administrative lawlessness within this Circuit.

---

## 2. Unresolved Judicial Misconduct Complaints (Filed December 4, 2024)

Your inaction is not limited to this latest violation. On December 4, 2024, I filed formal judicial conduct complaints pursuant to 28 U.S.C. §§ 351-364, documenting systemic judicial misconduct, Clerk overreach, and due process violations in multiple cases.

The unresolved complaints include:

- Complaint Against Clerk Patricia S. Dodszuweit & Third Circuit Judges (Case No. 24-2934)

    - Clerk unlawfully denied my Rule 27 motion for expedited briefing without judicial authority.

    - Clerk improperly listed my appeal for summary action without judicial authorization, over repeated formal objections.

    - Your subordinates have ignored my objections for over four months, refusing to engage with the case.

    - Ms. Wiegand rejected the complaint, asserting Ms. Dodszuweit is not a judge. You have effectively allowed Ms. Dodszuweit to employ judicial authority, shielding judges from accountability and denying due process.

- Complaint Against District Judges Wilson & Carlson (M.D. Pa. Case No. 1:24-CV-00014)

    - Procedural misconduct, delay, and judicial evasion, including failure to rule on over 135 filings across multiple cases.

    - Retaliatory sanctions motions against a pro se litigant ignored, violating due process.

     o  Systematic refusal to rule on constitutional claims, violating Zwickler v. Koota, 389 U.S. 241 (1967).

Your failure to act on these complaints for over two months is a gross abdication of duty under 28 U.S.C. § 352(a) and reflects deliberate judicial indifference to serious misconduct within this Circuit.

---

### 3. Your Ministerial Duty to Supervise the Clerk & Provide Judicial Review

Under 28 U.S.C. § 332(d)(1), the Chief Judge of the Circuit has a statutory duty to supervise court operations, including Clerk misconduct and procedural integrity. Additionally, Third Circuit IOP Chapter 4.2 affirms that the Chief Judge is responsible for overseeing the Clerk's compliance with judicial procedures.

Your continued failure to intervene, correct procedural abuses, or assign judicial review to my cases suggests a deliberate effort to obstruct justice rather than uphold the law. This exposes you to liability for due process violations under 42 U.S.C. § 1983 (or Bivens liability for constitutional violations by federal officers).

---

### 4. Immediate Action Demanded

To restore judicial integrity and compliance with statutory obligations, I demand:

1. Immediate correction of the docketed filing date for my Emergency Petition in Case No. 25-1208 to reflect the true filing date of February 3, 2025, as required by FRAP 25(a)(2)(A).

2. A formal response explaining why the Clerk's falsified docketing occurred and what remedial actions will be taken to prevent future occurrences.

3. Immediate judicial assignment and review of all outstanding motions in Cases 24-2934 and 25-1208.

4. A written response within five (5) days confirming that my December 4, 2024 judicial conduct complaints have been reviewed and appropriate action has been taken.

---

### 5. Consequences of Continued Inaction

If you fail to take immediate corrective action, I will proceed with the following escalations:

- Requesting formal intervention from the Judicial Conference of the United States.

- Notifying the Administrative Office of U.S. Courts about systemic judicial obstruction in the Third Circuit.

- Seeking Congressional oversight of procedural abuses affecting pro se litigants and constitutional claims.
- Pursuing all available legal remedies for deprivation of rights under color of law.

This is a final demand for corrective action. Continued failure to act will confirm that this Court prioritizes bureaucratic cover-ups over judicial integrity, warranting full-scale external oversight and intervention.

I expect your written response confirming compliance with these demands within five (5) days.

Sincerely,

Michael Miller

**Enclosures:**

1. Clerk's Falsified Docketing Notice (Case No. 25-1208).

2. Proof of Filing & Payment of Mandamus Petition on February 3, 2025.

3. Judicial Conduct Complaint (Dated January 24, 2025)

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| MICHAEL MILLER<br>Petitioner,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the<br>Eastern District of Pennsylvania,<br>Respondent. | Civ. No: 25-1208<br><br><br><br><br><br>RE: In re: Michael Miller<br>Case Number: 25-1208<br>District Court Case Number: 5:24-cv-05338 |

## EMERGENCY MOTION TO CORRECT DOCKETED FILING DATE PURSUANT TO FRAP 27 AND 28 U.S.C. § 1651 (ALL WRITS ACT)

TO THE HONORABLE COURT:

Michael Miller, pro se, respectfully submits this Emergency Motion under FRAP 27 and 28 U.S.C. § 1651 (All Writs Act) requesting immediate correction of a procedural error by the Clerk's Office regarding the filing date of my Emergency Petition for Writ of Mandamus. The Clerk's Office has improperly recorded the petition's filing date as February 7, 2025, despite my actual submission on February 3, 2025.

This misrepresentation violates Federal Rules of Appellate Procedure (FRAP) 21(a)(3) and 25(a)(2)(B)(iv) and obstructs judicial review of an emergency

1

matter. Immediate corrective action is required to preserve procedural integrity and ensure compliance with federal rules.

## I. Procedural History

1. On February 3, 2025, Miller e-filed and paid the required filing fee for my Emergency Petition for Writ of Mandamus through the Court's CM/ECF system.

2. The Clerk's Office delayed docketing Miller's petition for four days without legal justification, only doing so after Petitioner filed a formal objection. (Doc. 3)

3. On February 7, 2025, the Clerk's Office docketed Miller's petition but falsified the filing date as February 7 instead of February 3.

4. The Clerk's Notice of Filing (Document 1-3) states that the petition was "received" on February 7, 2025—which is demonstrably false, as Petitioner submitted it electronically on February 3. **See attached receipt for $600 from February 3rd.**

## II. Legal Basis for Immediate Correction

2

1. **Violation of FRAP 25(a)(2)(B)(iv): Electronic Filing Date Must Be Honored**

   o  FRAP 25(a)(2)(B)(iv) mandates that an electronically filed document is the official written filing.

   o  My petition was filed through CM/ECF on February 3, 2025, and should be considered filed as of that date.

   o  The Clerk's misrepresentation in Document 1-3 falsely asserting February 7, 2025, as the "received" date directly contradicts FRAP 25(a)(2)(B).

2. **Violation of FRAP 21(a)(3): Clerk's Duty to Docket Upon Receipt**

   o  FRAP 21(a)(3) requires the Clerk to docket a mandamus petition immediately upon receipt and payment of the prescribed fee.

   o  The Clerk's unauthorized "pre-docketing review" was unlawful and resulted in an improper four-day delay.

3. **Impact of Misrepresentation on Emergency Relief**

   o  A writ of mandamus is an extraordinary remedy requiring urgent judicial review.

3

o The false filing date obstructs the Court's ability to review my petition in a timely manner, contradicting the urgency required in mandamus proceedings.

## III. Relief Requested

WHEREFORE, to correct this procedural error and ensure compliance with FRAP, Petitioner moves the Court to:

1. Issue an order directing the Clerk's Office to correct the docketed filing date for my Emergency Petition for Writ of Mandamus to February 3, 2025, as required by FRAP 25(a)(2)(B)(iv).

2. Direct the Clerk's Office to refrain from delaying or altering the docketing of filings without explicit judicial authorization.

3. Ensure judicial oversight over Clerk's Office practices that impede emergency filings.

4. Costs for multiplied litigation

5. Such and other relief for Petitioner as the Court may deem just and proper.

## IV. Conclusion

4

The Clerk's unauthorized delay and falsification of the filing date undermine procedural integrity and the public's trust in this Court's administration. This error must be immediately corrected to restore compliance with federal procedural rules and ensure fair access to judicial review.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date: February 10, 2025

**Attachments:**

1. Clerk's Notice of Filing (Document 1-3) (showing false "received" date).

2. Relevant Court Rules (FRAP 21 and FRAP 25).

3. Appellant's Receipt of Paid Filing Fee on February 3, 2025.

**Certificate of Service**

I, Michael Miller, hereby certify that on this February 9, 2025, I served copies of the following document(s):

5

"Emergency Motion for Immediate Correction of Docketed Filing Date"

along with the attached exhibits, to all parties electronically

through the Court's CM/ECF system, and to the recipient listed below:

**Margaret A. Wiegand, Circuit Executive**
Office of the Circuit Executive
22409 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
      **Method of Service:** Certified Mail


Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Date: February 9, 2025

6

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



# UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

February 7, 2025

Lauren Anthony
McNees Wallace & Nurick
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17101

Sarah A. Hyser-Staub
McNees Wallace & Nurick
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17101

Michael Miller
108 N Reading Road
Suite F, 246
Ephrata, PA 17522

RE: In re: Michael Miller
Case Number: 25-1208
District Court Case Number: 5:24-cv-05338

**PACER account holders are required to promptly inform the PACER Service Center of any contact information changes. In order to not delay providing notice to attorneys or pro se public filers, your information, including address, phone number and/or email address, may have been updated in the Third Circuit database. Changes at the local level will not be reflected at PACER. Public filers are encouraged to review their information on file with PACER and update if necessary.**

**Effective December 15, 2008, the Court implemented the Electronic Case Files System. Accordingly, attorneys are required to file all documents electronically. See 3d Cir. L.A.R. 113 (2008) and the Court's CM/ECF website at www.ca3.uscourts.gov/cmecf-case-managementelectronic-case-files.**

To All Parties:

Enclosed is the case opening information regarding the above-captioned petition filed by **Michael Miller**, docketed at **No. 25-1208**. Any inquiries should be directed to your Case Manager in writing or by calling the Clerk's Office at 215-597-2995. This Court's rules, forms and case information are available on our website at http://www.ca3.uscourts.gov. The petition was received on **February 7, 2025.**

The docketing fee was received on **February 7, 2025**. Payment made through pay.gov.
A03-66663-274

The petition will be forwarded to the Court for disposition. The parties will be advised when an order is entered by the Court either denying the petition or directing that a response be filed.

Counsel for Respondent(s) must file:

1. Application for Admission (if applicable); and
2. Appearance Form.
These forms must be filed **within 14 days of the date of this letter**.

Very Truly Yours,

s/ Patricia S. Dodszuweit
Clerk

By: s/ James King
Case Manager
Direct Dial: 267-299-4958

Your payment has been successfully processed and the details are below. If you have any questions or you wish to cancel this payment, please contact: Third Circuit Attorney Admissions at 267-299-4065.

```
Account Number: 7836701
Court: U.S. COURT OF APPEALS, THIRD CIRCUIT
Amount: $600.00
Tracking Id: A03-66663-274
Approval Code: 513062
Card Number: ***********6289
Date/Time: 02/03/2025 04:26:38 ET

Attorney Name: Pro Se
Contact Telephone Number: 717-388-0163
Person Completing Transaction: Michael Miller
```

NOTE: This is an automated message. Please do not reply

Filed Pursuant to 28 U.S.C. §§ 351-364
Appeal Case No.: 24-2934
District Court Case No.: 1-24-CV-00014

To:
Ms. Margaret A. Wiegand, Circuit Executive
United States Third Circuit
22409 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1790

## I. INTRODUCTION

This complaint is submitted pursuant to 28 U.S.C. §§ 351-364 and Rule 6 of the Rules for

Judicial-Conduct and Judicial-Disability Proceedings. I, Michael Miller, allege misconduct by

Chief Judge Michael A. Chagares of the United States Court of Appeals for the Third Circuit.

This misconduct includes a failure to supervise court staff, a failure to address procedural abuses

and delays, and conduct prejudicial to the effective administration of the court's business.

## II. BRIEF STATEMENT OF FACTS

### 1. What Happened

Chief Judge Michael A. Chagares failed to address:

- Prolonged inaction on 30 filings over 90 days in my appellate case (**24-2934**), leaving
  substantive issues unresolved.

- Procedural misconduct by the appellate clerk, who unilaterally listed my appeal for
  summary disposition without judicial authorization, contrary to procedural rules (**Doc.
  11-1**).

- Retaliatory sanctions motions filed against me by in the district court (**Docs. 67, 68**) after the district court was divested of jurisdiction.

- Systemic Judicial Dereliction: Across both district court and appellate proceedings, 95 filings remain unresolved without any ruling on the merits, hearing, briefing schedule, or de novo review.

## 2. When and Where the Events Happened

- **Timeline:**

  - October 29, 2024: The appellate clerk improperly listed the case for summary disposition.

  - December 17, 2024: Appellee County of Lancaster filed a motion for sanctions against me in the district court.

  - December 18, 2024: The appellate clerk issued arbitrary directives regarding the filing of briefs without a briefing schedule.

  - December 27, 2024: The appellate clerk confirmed the lack of judicial authorization for the summary disposition listing.

  - January 23, 2025: As of this date, 30 filings in the appellate record remain unresolved, including motions addressing procedural misconduct.

- Location: United States Court of Appeals for the Third Circuit.

## 3. Information to Help Investigators Check the Facts

- **Relevant Filings:**

- o **Docs. 11-1, 21, 28**: Clerk's unauthorized summary disposition listing and other directives.

- o **Docs. 12, 13, 14, 15, 16, 23, 24**: Objections and motions challenging procedural misconduct and retaliatory actions.

- o **Docs. 67, 68**: Retaliatory filings by Appellee County of Lancaster in the district court, made after jurisdiction was divested.

- **Additional Documents**:

  - o Appellate Brief **(Doc. 18)**, Petition for Mandamus **(Doc. 29)**, and Motion for Sanctions **(Doc. 30)**, detailing systemic procedural issues and abuse.

---

## III. CANON VIOLATIONS

The conduct of Chief Judge Michael A. Chagares violates the following canons of the Code of Conduct for United States Judges:

1. **Canon 1**: Judges must uphold the integrity and independence of the judiciary.

2. **Canon 2(A)**: Judges must avoid impropriety or the appearance of impropriety.

3. **Canon 3(A)**: Judges must perform duties impartially, diligently, and promptly.

4. **Canon 3(B)(1)**: Judges must supervise court officers and ensure compliance with procedural rules.

---

3

## IV. PRIMA FACIE EVIDENCE OF JUDICIAL DERELICTION

The record demonstrates prima facie evidence of judicial dereliction by Chief Judge Michael A. Chagares, including:

- **Volume of Unresolved Filings**: Over 95 filings remain unresolved across district court and appellate proceedings without a single ruling on the merits, hearing, or briefing schedule.

- **Failure to Engage with Substantive Claims**: Despite numerous objections and motions, the judiciary has failed to address critical procedural abuses, jurisdictional violations, and retaliatory filings, leaving these issues unresolved and prejudicing my case.

- **Denial of De Novo Review**: Objections in the district court were summarily dismissed without the required de novo review, violating 28 U.S.C. § 636 and established standards for pro se litigants as set forth in *Haines v. Kerner*, 404 U.S. 519 (1972).

- **Failure to Protect Pro Se Litigant Advocating Constitutional Claims**: Chief Judge Michael A. Chagares has failed to safeguard my rights as a pro se litigant pursuing constitutional claims, allowing well-resourced government defendants to use the court as a weapon, such as by filing retaliatory motions (Docs. 67, 68) in a divested district court, to engage in retaliation, procedural obfuscation, and improper filings, as prohibited by *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90 (3d Cir. 2008). These actions have created significant procedural barriers, chilled my ability to advocate for my rights, and perpetuated systemic unfairness in the judicial process.

- **Accountability for Supervision and Systemic Failures**: Chief Judge Michael A. Chagares may argue that he did not personally take these actions or review these matters,

4

but such claims of ignorance only underscore his failure to perform supervisory duties under Canon 3(B)(1). As the administrative head of the Third Circuit, he bears direct responsibility for supervising court officers, ensuring procedural integrity, and addressing systemic issues within the judiciary. His inaction allowed procedural misconduct, retaliatory misuse of court processes, and delays to persist unchecked, demonstrating dereliction of duty through evasion.

This record reflects a systemic failure by Chief Judge Michael A. Chagares to perform judicial duties and uphold standards of judicial conduct, indicating evasion rather than impartial application of law. The judiciary's inaction perpetuates procedural misconduct and retaliation, disproportionately harming pro se litigants and undermining public trust in the courts' ability to deliver justice.

## V. RELIEF REQUESTED

WHEREFORE, I request the following relief:

1. **Investigate and Address Procedural Misconduct**: Conduct a thorough investigation into the procedural misconduct by the appellate clerk, including the unauthorized listing for summary disposition (**Doc. 11-1**), and take appropriate corrective actions.

2. **Resolve Pending Motions and Objections**: Promptly address and resolve all pending appellate motions and objections to restore procedural integrity and fairness in my case.

3. **Strike Retaliatory Filings**: Strike retaliatory district court filings (**Docs. 67, 68**) made in violation of jurisdictional rules after the district court was divested of jurisdiction.

4. **Implement Procedural Safeguards**: Develop and enforce procedural safeguards to ensure robust judicial oversight of administrative personnel and compliance with procedural rules, preventing similar issues in future cases.

5. **Publish Findings and Recommendations**: Publish findings from this investigation and implement measures to address systemic judicial dereliction, ensuring transparency and reinforcing public confidence in the judiciary.

---

## VI. CERTIFICATION

I declare under penalty of perjury that the statements in this complaint are true and correct to the best of my knowledge and belief.

Respectfully submitted,

Date: January 24, 2025
Michael Miller, Appellant, Pro Se
108 North Reading Road, Ste F, 246
Ephrata, Pennsylvania 17522
Email: reaganfive@protonmail.com
Phone: (717) 388-0163

Miller

108 N. Reading Road, F, 246

Ephrata, Pa. 17522 USA

PLACE STICKER AT
OF THE RETURN A
CERTIF



9589 0710 52

U.S. Court of t

Attn: Michael

James A. Byrn

601 Market St

Philadelphia P

RECEIVED

FEB 1 3 2025

U.S.C.A. 3rd. CIR



OP OF ENVELOPE TO THE RIGHT
DRESS, FOLD AT DOTTED LINE

**IED MAIL** ®

70 0671 3288 13

*Retail*



UNITED STATES
POSTAL SERVICE ®

19106

**RDC 99**

U.S. POSTAGE PAID
FCM LG ENV
EPHRATA, PA 17522
FEB 11, 2025

**$11.26**

R2307N153362-11

+.C
opeas
Chagares, Chief Judge
U.S. Courthouse
est
a 19106