IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner / Plaintiff,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the Eastern District of Pennsylvania,<br>Respondent. | Civ. No: 25-1208<br><br><br><br><br>RE: In re: Michael Miller<br>Case Number: 25-1208<br>District Court Case Number: 5:24-cv-05338 |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS**

TABLE OF CONTENTS

1. Introduction

2. Additional Facts Justifying Immediate Relief

3. This Case Warrants Mandamus Relief Under Procedural and Constitutional Grounds

    o   A. Mandamus is Appropriate Because Judge Leeson's Conduct Violates Procedural and Constitutional Safeguards

    o   B. The Third Circuit's Supervisory Authority Extends to Correcting Structural Due Process Violations

- C. Mandamus Relief is Necessary Under the Divestiture Rule to Prevent the District Court from Interfering with Pending Appellate Review

4. Request for Relief
5. Conclusion

---

## I. INTRODUCTION

This case presents an urgent need for supervisory intervention by this Court. Since the filing of the initial mandamus petition, Judge Leeson has issued a 45-page dismissal order that fundamentally violates procedural and constitutional norms and constitutes an abuse of judicial discretion.

This Supplemental Brief seeks relief under 28 U.S.C. § 1651 (The All Writs Act) and the Third Circuit's supervisory authority to intervene when a district court has acted beyond its jurisdiction or in a manner that undermines judicial integrity. Petitioner does not seek to use mandamus as a substitute for appeal but instead requests intervention based on judicial misconduct under Rule 4 of the Judicial Conduct Rules and the Divestiture Rule, which prohibits a district court from continuing to rule on issues already under appellate review. The merits of the underlying case can be addressed on appeal, but the procedural irregularities,

jurisdictional violations, and constitutional deprivations require immediate correction via mandamus.

## II. ADDITIONAL FACTS JUSTIFYING IMMEDIATE RELIEF

Since the filing of the original Mandamus Petition (Case No. 25-1208), Judge Leeson has engaged in further judicial misconduct that underscores the need for Third Circuit intervention.

1. On March 7, 2025, Judge Leeson issued a 45-page order dismissing Petitioner's case, despite the fact that a pending mandamus petition was already before this Court concerning his procedural conduct.
   - The ruling improperly resolves factual disputes, weighs evidence, and operates as a summary judgment decision rather than a procedural ruling under Rule 12(b)(6).
   - Instead of assessing whether the complaint sufficiently states a claim, the court preemptively ruled on the merits, violating established procedural and constitutional safeguards.
2. The ruling is procedurally improper and jurisdictionally deficient, as it:
   - Implicates multiple issues already pending in the mandamus petition before the Third Circuit, including Judge Leeson's improper fact-finding and procedural irregularities.

- o  Ignores binding precedent requiring courts to assume the truth of the complaint's allegations at the 12(b)(6) stage.
- o  Threatens sanctions against a pro se litigant for pursuing legitimate constitutional claims, creating an unconstitutional chilling effect on access to the courts.

3. Judge Leeson's ruling violates the Divestiture Rule, which bars district courts from making substantive rulings on issues that are already under appellate review.

---

## III. THIS CASE WARRANTS MANDAMUS RELIEF UNDER PROCEDURAL AND CONSTITUTIONAL GROUNDS

**A. Mandamus is Appropriate Because Judge Leeson's Conduct Violates Procedural and Constitutional Safeguards**

Mandamus relief is warranted here because Judge Leeson's handling of this case does not merely involve legal errors—it involves judicial conduct violations that exceed the scope of proper judicial authority. This is not a request for the Court to weigh in on the merits of the underlying claims, which may be reserved for appeal. Instead, this is a request for the Court to correct structural procedural defects and constitutional violations that fundamentally deprive Petitioner of fair adjudication.

**1. Procedural Violations Under Rule 12(b)(6)**

- Federal Rule of Civil Procedure 12(b)(6) is not a fact-finding mechanism; it is a procedural safeguard to assess sufficiency of pleadings.
- Third Circuit precedent is clear: factual disputes cannot be resolved at the motion-to-dismiss stage.
- Judge Leeson improperly weighed evidence and dismissed the case based on disputed facts, violating procedural fairness.

Key Cases:

- *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) – A motion to dismiss must assume the truth of the plaintiff's allegations and resolve all factual disputes in the plaintiff's favor.
- *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) – A judge cannot decide factual disputes in a Rule 12(b)(6) ruling.

---

**B. Mandamus Relief is Necessary Under the Divestiture Rule to Prevent the District Court from Interfering with Pending Appellate Review**

The divestiture rule prohibits a district court from making substantive rulings on issues that are already before an appellate court.

Key Cases:

- *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) – Once an appeal is filed, the district court loses jurisdiction over issues on appeal.

- *United States v. Rodgers,* 101 F.3d 247 (2d Cir. 1996) – A lower court cannot reconsider or alter a judgment while an appeal is pending.
- *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90 (3d Cir. 2008) – The Third Circuit may issue a writ of mandamus when a district court's actions affect its appellate jurisdiction.

**1. Judge Leeson's March 7, 2025 Order Addressed Issues Already Pending in the Mandamus Petition**

- The mandamus petition was filed before March 7, 2025, raising concerns about procedural due process, improper fact-finding, and judicial misconduct.
- Judge Leeson's subsequent ruling improperly addressed and further exacerbated these very issues while they were under appellate review.

**2. The District Court's Actions Disrupted the Third Circuit's Appellate Jurisdiction**

- The Third Circuit was already considering whether Judge Leeson's actions warranted mandamus relief.
- By issuing a new ruling on the same procedural issues, Judge Leeson improperly interfered with appellate jurisdiction.
- This creates procedural uncertainty and undermines the appellate process.

**3. A Writ of Mandamus is Needed to Preserve the Third Circuit's Jurisdiction**

- The Third Circuit has the power to issue a writ of mandamus under 28 U.S.C. § 1651 to prevent further district court action that interferes with its appellate review.
- This is not about reversing a legal error—it is about ensuring that Judge Leeson does not issue rulings that undermine the appellate process.

## IV. REQUEST FOR RELIEF

For these reasons, Petitioner respectfully requests that this Court:

1. Vacate the district court's March 7, 2025 dismissal order as an improper exercise of judicial power.
2. Compel the district court to refrain from issuing further rulings that interfere with appellate jurisdiction.
3. Consider reassigning the case to a different district judge.

## V. CONCLUSION

This case presents an urgent need for supervisory intervention because the procedural violations, jurisdictional overreach, and constitutional deprivations fundamentally undermine the legitimacy of the district court's ruling.

Respectfully Submitted,

*/s/ Michael Miller*

Michael Miller

108 N. Reading Rd., Ste F, 246

Ephrata, Pennsylvania 17522

717-388-0163

reaganfive@protonmail.com

Date: March 11, 2025

## CERTIFICATE OF SERVICE

I, Michael Miller, hereby certify that today, I served copies of the foregoing document to all parties or their counsel electronically through the Court's CM/ECF system.

Respectfully Submitted,

*/s/ Michael Miller*

Michael Miller

108 N. Reading Rd., Ste F, 246

Ephrata, Pennsylvania 17522

717-388-0163

reaganfive@protonmail.com

Date: March 11, 2025