IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the<br>Eastern District of Pennsylvania,<br>Respondent. | Civ. No: 25-1208<br><br><br><br><br>RE: In re: Michael Miller<br>Case Number: 25-1208<br>District Court Case Number: 5:24-cv-05338 |

**EMERGENCY MOTION FOR VACATUR OF DISTRICT COURT ORDER AND EXPEDITED RELIEF**

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT:

Petitioner Michael Miller respectfully moves this Court for an emergency order vacating the March 7, 2025, dismissal order of the U.S. District Court for the Eastern District of Pennsylvania (Judge Leeson) in Case No. 5:24-cv-05338, and for expedited relief on the pending mandamus petition. Petitioner further requests, in the alternative, that the Court grant a stay of the district court's ruling pending resolution of the mandamus petition.

I. RELIEF REQUESTED

1

Petitioner seeks the following emergency relief from this Court:

1. Vacatur of the March 7, 2025, order issued by Judge Leeson dismissing Petitioner's complaint, on the grounds that the district court lacked jurisdiction under the Divestiture Rule while the mandamus petition was pending before this Court.

2. Expedited review of the pending mandamus petition, which seeks intervention regarding the district court's procedural irregularities in handling Petitioner's Rule 12(b) motions.

3. Alternatively, a stay of the district court's dismissal order (March 7, 2025), to prevent irreparable harm to Petitioner while the mandamus petition is adjudicated by this Court.

## II. BASIS FOR RELIEF

A. The District Court Violated the Divestiture Rule

The Divestiture Rule holds that when an appeal or mandamus petition is filed, the district court loses jurisdiction over matters involved in that appeal or petition. See *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). Petitioner filed a mandamus petition on


February 3, 2025[1], challenging Judge Leeson's handling of Petitioner's Rule 12(b) motions. Despite the pending petition, the district court issued a ruling on March 7, 2025, dismissing Petitioner's case. This ruling was made without jurisdiction and in violation of the Divestiture Rule.

Therefore, the March 7, 2025, dismissal order should be vacated, as the district court was divested of jurisdiction when the mandamus petition was filed. The district court's action undermines the integrity of the appellate process and represents an overreach of judicial authority.

B. Expedited Mandamus Review is Necessary to Prevent Further Procedural Misconduct

Petitioner's mandamus petition details ongoing procedural misconduct in the district court, including:

- Excessive delays in ruling on dispositive motions, which have prevented adjudication of constitutional claims.
- Improper mischaracterization of Petitioner's claims, which were shifted into procedural postures that avoid substantive review.

---

[1] The clerk improperly delayed docketing the petition until February 7 and has refused to correct the date to the date of filing and payment. See Doc. 5-1.

- Threats of Rule 11 sanctions against Petitioner for pursuing valid constitutional claims, raising concerns of judicial bias and misconduct.

Given the systemic issues in the district court's handling of this case, expedited review is necessary to protect Petitioner's due process rights and prevent further procedural harm.

C. If Immediate Vacatur is Not Granted, a Stay is Necessary

If this Court does not immediately vacate the district court's ruling, Petitioner requests, in the alternative, an emergency stay of the district court's March 7, 2025, dismissal order. A stay is necessary to prevent irreparable harm to Petitioner, including:

1. Allowing the government defendants to benefit from a procedurally invalid dismissal.
2. Potentially using the district court's ruling as res judicata in future litigation, which would undermine the merits of Petitioner's case.

A stay is warranted where:

1. Petitioner is likely to succeed on the merits of the mandamus petition.
2. Irreparable harm will result absent a stay, as the district court's ruling is procedurally flawed.

3. The balance of harms favors Petitioner.

4. The public interest supports the intervention of this Court to ensure the fair administration of justice. See Nken v. Holder, 556 U.S. 418, 434 (2009).

III. CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that this Court:

1. Vacate the March 7, 2025, district court ruling for lack of jurisdiction under the Divestiture Rule.

2. Expedite review of the pending mandamus petition.

3. Alternatively, grant an emergency stay of the district court's March 7, 2025 ruling.

Dated: March 14, 2025

Respectfully submitted,
/s/ *Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Appendix:

1. Order (Doc. 36)

2. Memorandum Opinion (Doc. 35)

# CERTIFICATE OF SERVICE

I, Michael Miller, certify that on this date, I electronically filed the Petition for a Writ of Mandamus with the Clerk of the Court for the United States Court of Appeals for the Third Circuit via the CM/ECF system, which will send notification of such filing to all registered ECF users, including:

1. *The Honorable Joseph F. Leeson, Jr.*
   United States District Judge
   United States District Court for the Eastern District of Pennsylvania

2. *Sarah Hyer-Staub*
   Attorney for All Defendants
   McNees Wallace & Nurick LLC

<div style="text-align:right">

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: March 14, 2025

</div>