IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the<br>Eastern District of Pennsylvania,<br>Respondent. | Civ. No: 25-1208<br><br><br><br>RE: In re: Michael Miller<br>Case Number: 25-1208<br>District Court Case Number: 5:24-cv-05338 |

## SUPPLEMENT TO PETITION FOR WRIT OF MANDAMUS PURSUANT TO RULE 21

**INTRODUCTION**

Petitioner submits this supplement to the pending petition for a writ of mandamus, initially filed on February 3, 2025, to bring to the Court's attention new procedural developments necessitating immediate relief. These developments confirm that the district court continues to disregard binding precedent, misapplying Rule 12(b)(1) and Rule 12(b)(6) in a manner that obstructs adjudication of constitutional claims and prejudices appellate review.

On March 7, 2025, Judge Leeson again dismissed Petitioner's case under Rule 12(b)(1) and Rule 12(b)(6), despite the pending mandamus petition

addressing these issues. On March 18, 2025, he denied Petitioner's recusal motion,

further defending his misapplication of Rule 12 while disregarding his ministerial

duty to apply the correct legal standards.

Additionally, the procedural impact of these rulings now extends to appellate

review. After Petitioner filed a notice of appeal, the Third Circuit clerk issued a

notice questioning jurisdiction, citing Judge Leeson's offer to amend the complaint

as a potential bar to review. This maneuver forces an unwarranted amendment

process or risks dismissal on jurisdictional grounds.

Mandamus relief is necessary to halt this ongoing procedural evasion,

correct these ministerial violations, and ensure constitutional claims receive proper

adjudication.

---

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Mandamus Petition Filed (February 3, 2025): Petitioner sought mandamus
   relief after the district court dismissed constitutional claims in the Section
   1983 case by misapplying Rule 12(b)(1) and Rule 12(b)(6).

2. Dismissal of Section 1983 Case (March 7, 2025): Judge Leeson issued a 45-
   page ruling (Doc. 35) dismissing Petitioner's claims under Rule 12(b)(1) and

Rule 12(b)(6), adopting defendants' arguments and resolving disputed factual issues.

3.  Denial of Recusal Motion (March 18, 2025): Judge Leeson denied Petitioner's motion for recusal (Doc. 41) and included a footnote defending his Rule 12 rulings.

4.  Third Circuit Notice Regarding Appellate Jurisdiction (March 14, 2025):

    o  March 10, 2025: Petitioner filed a notice of appeal (Doc. 37).

    o  March 14, 2025: The Third Circuit clerk issued a notice (Case No. 25-1423, Doc. 7) questioning appellate jurisdiction, citing Judge Leeson's March 7 ruling, which granted leave to amend.

    o  Petitioner must now respond regarding jurisdiction while the mandamus petition remains pending.

5.  Related Appeal and Pending Review:

    o  Petitioner's appeal in the declaratory judgment case (filed October 2024) remains unaddressed.

    o  Judge Carlson's dismissal order (Doc. 59) relied on Rule 12(b)(1) and Rule 12(b)(6), including an abstention rationale.

- o The procedural history of both cases reflects repeated judicial determinations on Rule 12 grounds.

---

## LEGAL BASIS FOR SUPPLEMENTATION

Federal Rule of Appellate Procedure 21(a) permits supplementation of mandamus petitions when new evidence demonstrates the necessity of relief.

Supplementation is warranted where new procedural developments further establish that mandamus relief is necessary to:

1. Compel adherence to Rule 12(b)(1) and Rule 12(b)(6) standards. Mandamus is appropriate when a district court persistently disregards procedural requirements governing motions to dismiss.

2. Address continued noncompliance with binding precedent. Mandamus relief is justified when a lower court fails to apply jurisdictional and pleading standards correctly, including:

   - o *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) (requiring a clear jurisdictional bar before dismissing constitutional claims under Rule 12(b)(1));

- *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) (prohibiting fact-finding in facial Rule 12(b)(1) challenges);

- *Twombly*, *Iqbal*, and *Rose v. Bartle* (requiring courts to assess plausibility under Rule 12(b)(6) without imposing a heightened pleading standard or engaging in improper fact resolution).

3. Ensure availability of an adequate remedy. Where procedural barriers obstruct the ordinary appellate process, mandamus is the appropriate remedy. The Third Circuit has recognized that mandamus is warranted when delays or procedural maneuvers effectively preclude timely adjudication of a petitioner's claims (*In re Pressman-Gutman Co.*, 459 F.3d 383 (3d Cir. 2006)).

Mandamus is therefore appropriate to ensure proper application of Rule 12 standards, compliance with controlling precedent, and access to meaningful appellate review.

---

**ARGUMENT**

**A. The District Court's Pattern of Procedural Obstruction Violates Binding Supreme Court and Third Circuit Precedent**

Judge Leeson's continued misapplication of Rule 12(b)(1) and Rule 12(b)(6) directly contradicts binding precedent:

- Under *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), courts cannot dismiss constitutional claims for lack of jurisdiction unless a clear jurisdictional bar applies.

- Under *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977), judges are forbidden from considering extrinsic evidence or engaging in fact-finding when deciding a facial 12(b)(1) challenge. Yet, Judge Leeson did exactly that, creating and attacking a strawman argument to manufacture a jurisdictional defect.

- Under *Twombly*, *Iqbal*, and *Rose v. Bartle*, a plaintiff need only plead a plausible claim to survive a Rule 12(b)(6) motion—not prove the claim outright. Judge Leeson's ruling, spanning 45 pages, imposes a heightened pleading standard and improperly resolves disputed facts in favor of defendants, effectively treating the motion as one for summary judgment. This is clear procedural error, particularly in light of:

  - *Haines v. Kerner*, which requires leniency in pro se pleadings; and

  - *Zwickler v. Koota*, which prohibits courts from sidestepping well-pleaded federal constitutional claims through procedural evasion.

The district court's pattern of defying Supreme Court and Third Circuit precedent is not a mere legal error—it is an abuse of discretion, requiring immediate appellate intervention.

---

**B. The District Court's Procedural Maneuvers Create De Facto Immunity for Government Defendants**

By misapplying jurisdictional standards and heightening the pleading burden, the district court has created a procedural scheme that shields government defendants from constitutional accountability:

1.  The Misuse of the "RTKL Dispute" Defense: The district court recasts well-pleaded constitutional violations as mere administrative disputes to manufacture a jurisdictional defect under Rule 12(b)(1). This is a direct violation of *Zwickler*, which prohibits courts from avoiding constitutional adjudication by mischaracterizing federal claims as state-law disputes.

2.  The Blending of Rule 12(b)(1) and Rule 12(b)(6): The district court treats facial jurisdictional challenges as if they were factual attacks, improperly dismissing claims before reaching the merits. This scheme enables selective gatekeeping against disfavored litigants, particularly pro se plaintiffs challenging government misconduct.

3. A Pattern Across Multiple Cases: Judge Leeson's ruling in this 1983 case

   follows the same evasive strategy used by Magistrate Judge Carlson in

   Petitioner's declaratory judgment case (pending appeal) proving that these

   dismissals are not isolated errors but part of a systemic judicial practice

   aimed at avoiding constitutional adjudication.  See Doc. 59, 60, 64 in *Miller*

   *v County* 1-24-CV-00014 (M.D.)[1]

---

[1] Magistrate Judge Carlson's ruling is facially abusive because it improperly
conducted fact-finding in a 12(b)(1) facial challenge, an act that is categorically
prohibited. Instead of accepting Petitioner's allegations as true—as required by
*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977)—Judge
Carlson engaged in an unauthorized inquiry into Petitioner's state litigation,
reconstructed it into a strawman argument, and then misapplied abstention
doctrines to dismiss the case. This paradoxical ruling reveals the systemic nature of
this scheme:

- Carlson purported to apply abstention doctrines in a Rule 12(b)(1) and Rule
  12(b)(6) motion, which itself is procedurally impermissible because
  abstention is an equitable doctrine, not a jurisdictional bar.

- The very fact that he conducted fact-finding proves that the motion could not
  have been a facial challenge under Rule 12(b)(1), yet he granted dismissal as
  if it were—an internally contradictory ruling that exposes the procedural
  evasion.

- Carlson then sustained 12(b)(6) objections against declaratory judgment
  claims in which he had already claimed to abstain under discretionary
  abstention doctrines—an inherently paradoxical act.

- Even assuming the court had jurisdiction and properly reviewed the
  complaint under Rule 12(b)(6), nowhere in the ruling does Carlson apply the
  two-prong plausibility test required under Twombly and Iqbal. The required

The Third Circuit must intervene to prevent district courts from using procedural pretexts to insulate government defendants from liability, ensuring that constitutional claims receive the proper judicial review.

---

**C. Mandamus is the Only Effective Remedy Given the Third Circuit's Delay in Addressing Petitioner's Appeal**

The six-month delay in ruling on Petitioner's appeal in the declaratory judgment case confirms that ordinary appellate remedies are inadequate:

- A direct appeal would not prevent further procedural evasion, as demonstrated by the fact that even with a pending mandamus petition, Judge Leeson continued to obstruct proper Rule 12 review in the March 7, 2025, dismissal.

---

legal analysis is simply absent, proving that the ruling is procedurally defective on its face.

Now, Judge Leeson is attempting the exact same procedural maneuver in the 1983 case—despite Petitioner explicitly calling out its illegitimacy in pleadings before him. Like Carlson, Leeson is blending jurisdictional and merits-based dismissals, applying abstention principles in a Rule 12 motion where they do not belong, and disregarding the binding standards of Rule 12(b)(1) and 12(b)(6). This continued pattern of judicial misconduct is not due to legal error but a deliberate scheme to obstruct adjudication of constitutional claims by pro se litigants.

- The Third Circuit's inaction on the declaratory judgment appeal has emboldened lower court judges to continue their pattern of procedural gatekeeping.

- Mandamus is not merely an extraordinary remedy—it is a necessary corrective measure to ensure that lower courts do not use procedural tactics to evade adjudicating constitutional claims.

Without immediate relief, pro se litigants raising constitutional claims will remain systematically barred from federal review. The Third Circuit must grant mandamus relief now to prevent further entrenchment of this unconstitutional procedural scheme.

**The Third Circuit is Now Using Leeson's Defective Ruling to Obstruct Appellate Review**

Moreover, Judge Leeson's flawed March 7 ruling (Doc. 36) is now being leveraged to obstruct Petitioner's appellate rights. After Petitioner filed a notice of appeal on March 10 (Doc. 37), the Third Circuit clerk issued a notice (Case No. 25-1423, Doc. 7) questioning appellate jurisdiction on the basis that Judge Leeson's order allows for amendment—a procedurally abusive maneuver under the same defective Rule 12 framework that Petitioner challenges in this mandamus petition.

- This manufactured procedural posture places Petitioner in a no-win scenario: either submit to an abusive amendment process under a legally defective ruling or have the appeal obstructed on jurisdictional grounds.

- The district court's offer to amend is not a legitimate remedy—it is a strategic extension of the judicial scheme to evade proper constitutional adjudication.

- Mandamus relief is necessary now to prevent Judge Leeson's ruling from being weaponized to obstruct appellate review and further entrench this unconstitutional scheme against Petitioner and similarly situated pro se litigants.

---

**RELIEF REQUESTED**

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. Immediately grant the pending petition for writ of mandamus.

2. Vacate Judge Leeson's March 7, 2025, dismissal order (Doc. 36) and March 18, 2025, recusal order (Doc. 41) as an abuse of discretion.

3.  Direct the district court to properly adjudicate Petitioner's claims under the correct Rule 12(b)(1) and Rule 12(b)(6) standards, in strict compliance with Supreme Court and Third Circuit precedent.

4.  Issue an order prohibiting further procedural evasion of constitutional adjudication by the district courts, including but not limited to:

    o   Mischaracterizing well-pleaded constitutional claims as mere state-law disputes to fabricate jurisdictional defects;

    o   Improperly resolving disputed facts at the Rule 12(b)(6) stage as if on summary judgment;

    o   Engaging in unauthorized fact-finding in facial Rule 12(b)(1) challenges;

    o   Weaponizing offers to amend as a means to obstruct appellate jurisdiction.

5.  Confirm the Third Circuit's jurisdiction over Petitioner's appeal and enjoin any further efforts to use Judge Leeson's defective ruling to block appellate review.

**CONCLUSION**

The Court of Appeals has a ministerial duty to ensure that pro se litigants receive due process and that constitutional claims are adjudicated under the proper legal standards. The district court's misapplication of Rule 12(b)(1) and Rule 12(b)(6), coupled with procedural maneuvers designed to obstruct appellate review, reflects a systemic effort to evade adjudication of Petitioner's claims. This Court must intervene to halt the ongoing procedural evasion and judicial gaslighting under color of law, which deprives Petitioner of a fair and meaningful opportunity to be heard.

Mandamus relief is necessary to correct these ministerial violations, prevent further procedural abuses, and uphold the fundamental right of access to the courts for constitutional claims.

Respectfully Submitted,

*/s/ Michael Miller*

Michael Miller

108 N. Reading Rd., Ste F, 246

Ephrata, Pennsylvania 17522

717-388-0163

reaganfive@protonmail.com

March 19, 2025

**ATTACHMENTS**

1. March 7, 2025, ruling (Doc. 35, 36) – Judge Leeson's dismissal of the Section 1983 case, misapplying Rule 12(b)(1) and Rule 12(b)(6).

2. March 18, 2025, ruling (Doc. 41) – Judge Leeson's denial of recusal, in which he defends his misapplication of Rule 12 standards.

3. June 20, 2024, ruling (Doc. 59, 64 *Miller v County* 1-24-CV-00014) – Judge Carlson's dismissal of Petitioner's declaratory judgment case, where he improperly conducted fact-finding in a 12(b)(1) motion and issued a paradoxical 12(b)(6) ruling after abstaining.

## CERTIFICATE OF SERVICE

I, Michael Miller, certify that on this date, I electronically filed and served the foregoing brief and attachments with the Clerk of the Court for the United States Court of Appeals for the Third Circuit via the CM/ECF system, which will send notification of such filing to all registered ECF users, including:

Sarah Hyer-Staub

Attorney for All Defendants

McNees Wallace & Nurick LLC

Respectfully Submitted,

*/s/ Michael Miller*

Michael Miller

108 N. Reading Rd., Ste F, 246

Ephrata, Pennsylvania 17522

717-388-0163

reaganfive@protonmail.com

March 19, 2025