IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner / Plaintiff,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the Eastern District of Pennsylvania,<br>Respondent. | Civ. No: 25-1208<br><br><br><br><br>RE: In re: Michael Miller<br>D.C. 5:24-cv-05338 |

# **THIRD SUPPLEMENT TO PETITION FOR WRIT OF MANDAMUS IN RESPONSE TO MARCH 28, 2025 ORDER (ECF 55)**

Petitioner Michael Miller respectfully submits this Third Supplement to his pending Rule 21 Mandamus Petition to bring to the Court's attention the latest procedural abuse committed by the District Court in its March 28, 2025 Order (ECF 55). This Order represents the culmination of a pattern of jurisdictional evasion, improper Rule 12 practices, and the systemic denial of the suitor's right to a federal forum for constitutional claims.

Indeed, the March 28 Order is not an isolated act but the culminating abuse flowing directly from the very Rule 12 misconduct that formed the basis of this mandamus petition when it was first filed on February 3, 2025. At that time, Petitioner warned this Court that the district judge's failure to rule—and ongoing

procedural irregularities—were enabling constitutional rights to be chilled through inaction. That warning has now been fulfilled: the March 28 Order confirms that the district judge has not merely delayed justice, but structurally denied jurisdiction, contradicted binding precedent, and undermined appellate integrity.

## I. THE MARCH 28 ORDER FORMALIZES THE ZWICKLER VIOLATION

In *Zwickler v. Koota*, 389 U.S. 241 (1967), the Supreme Court held that federal courts have an affirmative duty to adjudicate constitutional claims brought under 42 U.S.C. § 1983, especially where First Amendment rights are implicated. Abstention or jurisdictional avoidance is constitutionally impermissible where the complaint presents a facial challenge to governmental action. The March 28 Order directly violates *Zwickler* by purporting to disclaim jurisdiction over motions that:

- Raise collateral and structural objections to the March 7 ruling;
- Seek clarification and correction of the legal framework applied;
- Are expressly permitted under *United States v. Contents of Account No. 3034504504*, 971 F.2d 974, 987 (3d Cir. 1992), and *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861–62 (1988).

The district court may not in one breath enforce its judgment, and in the next disclaim jurisdiction to hear motions challenging its legality. This internal contradiction confirms that the March 28 ruling is not an act of judicial restraint—it is a strategic abdication of Article III duties.

## II. THE COURT IS USING PROCEDURAL FORMALISM TO EVADE REVIEW

The March 28 Order dismisses critical motions (ECF Nos. 39, 44, 50, 51, 53, 54) "without prejudice" but:

- Denies Plaintiff any avenue to refile while the case is on appeal;
- Refuses to resolve structural errors that go to the validity of the judgment;
- Invokes *Younger*-like abstention principles despite no ongoing state proceeding.

This procedural maneuvering leaves Plaintiff in a Kafkaesque posture: denied review in the district court, and now confronted with a possible dismissal in the appellate court for lack of finality. Such evasion undermines appellate jurisdiction and constitutes structural due process injury.

## III. THE MARCH 28 ORDER IS VOID UNDER *STEEL CO.* AND *GRIGGS*

In *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), the Supreme Court held that a court must first determine whether it has subject matter jurisdiction before reaching the merits. The March 7 Order (ECF 36), which simultaneously dismissed Counts V and VI both for lack of subject matter jurisdiction and with prejudice under Rule 12(b)(6), is a legal nullity under *Steel Co.*.

Further, under *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), the filing of a mandamus petition (February 3, 2025) and later a notice of appeal (March 10, 2025) divested the district court of jurisdiction over matters implicated by those appeals. Yet the district court continued to issue orders in direct contravention of the divestiture rule.

---

## IV. REQUEST FOR EMERGENCY SUPERVISORY RELIEF

This Court is respectfully urged to:

1. **Grant the writ of mandamus** and vacate the March 28 Order (ECF 55) as void for exceeding jurisdiction;

2. **Reaffirm the duty of federal courts** to hear constitutional claims under *Zwickler*, and to rule on facial Rule 12(b)(1) motions under *Mortensen* and *Aichele*;

3. **Prohibit use of post-dismissal orders to obstruct appellate review**, including orders that purport to dismiss without prejudice while disclaiming jurisdiction;

4. **Clarify the scope of the district court's jurisdiction post-appeal** to prevent further procedural gamesmanship;

5. **Preserve appellate jurisdiction** by directing the Clerk not to dismiss Appeal No. 25-1423 based on the March 7 or March 28 orders;

6. **Declare the March 7 Order (ECF 36) void ab initio**, as it simultaneously disclaims subject matter jurisdiction and adjudicates the merits in violation of *Steel Co.* and was issued while a mandamus petition was pending;

7. **Direct the district court, upon remand or resumption of jurisdiction, to adjudicate the unresolved structural motions on the merits** or certify the jurisdictional issues for appellate review;

8. **Grant such further relief as is necessary** to prevent continued manipulation of the appellate record, evasion of jurisdiction, or obstruction of constitutional forum rights.

Respectfully Submitted,<br>
*/s/ Michael Miller*<br>
Michael Miller<br>
108 N. Reading Rd., Ste F, 246<br>
Ephrata, Pennsylvania 17522<br>
717-388-0163<br>
reaganfive@protonmail.com<br>
Dated: March 31, 2025

# CERTIFICATE OF SERVICE

I, Michael Miller, certify that on this date, I electronically filed the Petition for a Writ of Mandamus with the Clerk of the Court for the United States Court of Appeals for the Third Circuit via the CM/ECF system, which will send notification of such filing to all registered ECF users, including:

1. *The Honorable Joseph F. Leeson, Jr.*
   United States District Judge
   United States District Court for the Eastern District of Pennsylvania

2. *Sarah Hyer-Staub*
   Attorney for All Defendants
   McNees Wallace & Nurick LLC

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated:  March 31, 2025
