**CLD-091**  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1208
_____

IN RE: MICHAEL MILLER,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 5:24-cv-05338)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 27, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: April 21, 2025)
_____

OPINION*
_____

PER CURIAM

　　Michael Miller has filed a petition for a writ of mandamus seeking an order directing the District Court to rule on a motion and related relief. We will deny the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Miller is a former candidate for Pennsylvania state senate who has filed two civil actions relating to his attempts to obtain certain voting records. A different district court dismissed the first action (M.D. Pa. Civ. No. 1:24-cv-00014), and Miller appealed that ruling at C.A. No. 24-2934. That appeal and Miller's requests therein remain pending.

At issue here is the second civil action, which Miller filed in the District Court here. (E.D. Pa. 5:24-cv-05338.) The defendants in that action filed a motion to dismiss his complaint on November 20, 2024. Miller later filed this mandamus petition seeking two primary forms of relief. First, he requested that we order the District Court to rule on defendants' motion. And second, he requested that we tell the Court how to rule on the motion by directing it, inter alia, to make certain findings and conclusions. These requests became moot when the District Court ruled on defendants' motion by granting it in part and denying it in part in an order entered March 10. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).[1] Miller has not otherwise raised anything warranting the "extreme remedy" of mandamus. In re Abbott Labs., 96 F.4th 371, 379 (3d Cir. 2024).

We note that, after the District Court entered its March 10 order, Miller began filing a series of documents in this mandamus proceeding seeking different forms of

---

[1] Although Miller's requests are moot, we note that there was no basis for them when made. There had not yet been any delay in the District Court approaching a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). And mandamus ordinarily does not lie "to compel a district court to decide an undecided motion in a particular way." In re Flynn, 973 F.3d 74, 79 (D.C. Cir. 2020) (en banc) (per curiam) (cleaned up). Miller raised nothing suggesting that this case was any exception.

relief, including vacatur of the order. These requests are fundamentally different that Miller's initial request for mandamus relief and are in the nature of a new mandamus petition that requires the separate docketing of a new original proceeding and a separate filing fee. Thus, Miller is advised that, if he wishes to seek relief related to the March 10 order, or any other relief beyond that sought in his initial mandamus petition, then he should file a new original proceeding petition in accordance with all applicable rules.[2] For these reasons, we will deny Miller's mandamus petition. His other motions and requests for relief are denied as well.

---

[2] We nevertheless note that there is no merit to Miller's argument that we should use our mandamus authority to vacate the March 10 order. Miller has separately appealed from the order at C.A. No. 25-1423 and, although we express no opinion on the propriety or merits of that appeal, "mandamus must not be used as a mere substitute for appeal." Madden, 102 F.3d at 77 (cleaned up). Mandamus relief as to the March 10 order is not otherwise warranted. Miller argues that the District Court lacked jurisdiction to enter the order because the matters at issue already were under "appellate review" by virtue of his mandamus petition, but he is wrong. A mandamus petition is not an appeal, see id., and "the filing of a mandamus petition [does not] divest the district court of jurisdiction," Kellogg v. Watts Guerra LLP, 41 F.4th 1246, 1259 (10th Cir. 2022) (collecting cases); see also Fed. Ins. Co. v. United States, 882 F.3d 348, 362 (2d Cir. 2018) ("A petition for a [writ of] mandamus directing the district court to . . . decide a long-outstanding motion clearly would not deprive the district court of its power to do so.").